**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TYRA SMART,

Plaintiff,

v.

CRYSTAL KELLY, *et al.*,

Defendants.

Case No. 3:26-CV-00706-MMD-CLB

**ORDER DENYING MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS BY THE UNITED STATES MARSHALS OR A COURT-APPOINTED PROCESS SERVER**

[ECF No. 14]

Plaintiff Tyra Smart initiated this lawsuit on September 17, 2026, by filing a complaint and paying the Court-mandated filing fee. (ECF Nos. 1, 1-2.) Therefore, the Court did not grant Plaintiff *in forma pauperis* status.

On October 24, 2026, Plaintiff filed this motion seeking an order authorizing service of process by the United States Marshals or a court-appointed process server, based solely on her claim that "Plaintiff is proceeding without counsel and requests a clear, reliable method for serving each of the six defendants." (ECF No. 14 at 1.)

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). However, a party requesting service by the United States Marshal must "first must attempt service by some other means authorized by Rule 4." *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003); *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("before this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."). "[C]ourt orders directing service by marshal should not be issued unless they really are necessary." *Cathy v. Palma*, 2023 WL 322495, at *3 (S.D. Cal. Jan. 19, 2023), reconsideration denied, 2023 WL 3213857 (S.D. Cal. May 2, 2023). Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken," and "provide a factual basis for why a court order is

necessary to accomplish service." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civ. § 1090 (4th ed.); *see also Hollywood v. Carrows California Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting *Prosperous v. Todd*, No. 8:17-cv-996-T, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017)).

Plaintiff has not described any attempt or effort she made to serve Defendants by any available means. Therefore, she has not met [her] burden of demonstrating that such an order requested in the motion is necessary. *Raiser v. United States District Court for the Southern District of California*, 20cv1490-TWR (AGS), 2021 WL 4895217, at *2 (Feb. 26, 2021) (quoting *Hollywood v. Carrows Cal. Family Restaurants*, No. 18cv2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018)) (denying motion under Rule 4(c)(3) because "cursory" motions which "simply ask for an order directing U.S. Marshal's Service" are insufficient because they "do not indicate what steps plaintiff ... has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted").

For these reasons, Plaintiff's motion, (ECF No. 14), is **DENIED**.

**IT IS SO ORDERED**.

**DATED**: October 27, 2026.

UNITED STATES MAGISTRATE JUDGE