**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| TYRA SMART,<br>Plaintiff,<br>v.<br>CRYSTAL KELLY, *et al.*,<br>Defendants. | Case No. 3:26-CV-00706-MMD-CLB<br>**ORDER DENYING PLAINTIFF'S MOTIONS**<br>[ECF Nos. 33, 34] |

The following two motions, filed by Plaintiff Tyra Smart are pending before the Court: 1) motion for appointment of counsel, (ECF No. 33); and 2) "motion for leave to file supplemental notice of reported incidents, potential criminal conduct, and request for preservation of evidence." (ECF No. 34.) For the reasons stated below, the Court denies these motions.

## I. MOTION FOR APPOINTMENT OF COUNSEL

First, Plaintiff moves for appointment of counsel. (ECF No. 33.) Plaintiff argues that counsel should be appointed because: 1) she is representing herself without formal legal training; 2) she cannot afford counsel; and 3) she is finding it difficult to follow the Court's procedural rules. (ECF No. 33 at 1.) She further asserts that this case is complex and that the interest of justice supports appointment of counsel. (*Id*. at 1-2.)

There is **no** constitutional right to appointed counsel in a civil action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate: (1) the plaintiff's likelihood of success on the merits; and (2) the plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

While the Court is sympathetic to the difficulties Plaintiff may be experiencing representing herself, the motion fails to establish that exceptional circumstances exist in this case that warrant appointment of counsel. First, Plaintiff's motion fails to address her likelihood of success on the merits. On this basis alone, Plaintiff's motion should be denied.

However, even if the Court were to assume that Plaintiff is likely to succeed in this case, the motion still fails. Plaintiff has not established that she is unable to articulate her claims based on the complexity of this case. Plaintiff's lack of legal training, lack of resources to hire counsel, and difficulties understanding the Court's procedural rules are the same difficulties encountered by virtually every *pro se* litigant. Moreover, Plaintiff has filed a variety of documents, which are well organized and show an ability on Plaintiff's part to articulate her position in this litigation. For these reasons, the Court finds that Plaintiff has failed to establish exceptional circumstances exist in this case to support the appointment of counsel. Therefore, Plaintiff's motion, (ECF No. 33), is **DENIED**.[1]

---

[1] The Court encourages Plaintiff to review the Federal Rules of Civil Procedure, the District of Nevada's Local Rules, and to visit the Court's Self-Help Portal available at https://www.nvd.uscourts.gov/self-help-portal/ which can provide her assistance understanding the Court's procedural rules and requirements.

## II. MOTION FOR LEAVE TO FILE SUPPLEMENTAL NOTICE

Next, Plaintiff moves the Court "for leave to file supplemental notice of reported incidents, potential criminal conduct, and request to preservation of evidence." (ECF No. 34.) This is the second time that Plaintiff has sought leave to "supplement" the record in this case with additional information unrelated to any pending motion or pleading before the Court. (*See* ECF No. 27.) With this current motion, Plaintiff once again does not identify any motion or pleading she seeks to supplement but simply requests the supplemental notice to be filed to "inform the Court of additional developments" in this case. (ECF No. 34 at 1.) This motion is improper. Consequently, Plaintiff's motion, (ECF No. 34), is **DENIED** and Plaintiff's notice filed at ECF No. 31 is hereby **STRICKEN** from the record.

The Court understands that Plaintiff is proceeding *pro se* and it may be difficult to understand the process of litigation. However, Plaintiff is advised that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012.). Plaintiff is cautioned that the Court may strike any additional motion she files, like the one addressed herein, that fails to comply with these basic requirements.

///

///

///

///

///

///

///

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel, (ECF No. 33), is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave, (ECF No. 34), is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's notice, (ECF No. 31), is hereby **STRICKEN**.

**DATED**: November 18, 2026.

______________________________________
**UNITED STATES MAGISTRATE JUDGE**